**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

ROBERT J. MURILLO,

    Petitioner,

v.                                          Case No.: 12-13705

J. WALTON,

    Respondent,

                                           /

**OPINION AND ORDER DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Robert J. Murillo, a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges his sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). No response to the petition is necessary. For the reasons that follow, the petition for writ of habeas corpus is denied**.**

**I. BACKGROUND**

Petitioner was found guilty of the above offenses, as well as an additional count of possession of a firearm during a drug offense, in violation of 18 U.S.C. § 924(c)(1), following a jury trial before this court in the United States District Court for the Eastern District of Michigan. Petitioner was sentenced to concurrent terms of 235 months imprisonment for each drug offense and a consecutive term of 60 months imprisonment

1

for the firearm conviction.

The Sixth Circuit affirmed the drug convictions but vacated the firearm conviction and remanded for resentencing. *United States v. Murillo*, 99 F.3d 1140 (Table), 1996 WL 593607 (6th Cir. Oct. 15, 1996), *cert. denied*, 519 U.S. 1067 (1997).

On remand, the court ruled that Petitioner's base offense level for the two drug convictions should be increased by two levels, pursuant to United States Sentencing Commission, Guidelines Manual (USSG) § 2D1.1(b)(1), for possession of a dangerous weapon during certain drug offenses. Petitioner's new guideline range was 292 to 365 months. Petitioner was sentenced to concurrent 295 month sentences. The Sixth Circuit upheld the two level enhancement of Petitioner's base offense level pursuant to USSG § 2D1.1(b)(1). *See United States v. Murillo,* 142 F.3d 437 (Table), 1998 WL 136595 (6th Cir. March 20, 1998), *cert. denied* 525 U.S. 881 (1998).

Petitioner subsequently filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Murillo*, U.S.D.C. No. 94-CR-81261 (E.D. Mich. June 7, 2001), *app. dism.* U.S.C.A. No. 01-2344 (6th Cir. April 29, 2002).

The Sixth Circuit subsequently denied Petitioner's request to file a successive motion to vacate sentence. *In Re Murillo,* U.S.C.A. No. 04-1303 (6th Cir. September 22, 2004).

Petitioner then filed a motion for relief from judgment under Rule 60(b), which was construed by the court as a second or successive § 2255 motion and transferred to the Sixth Circuit. *United States v. Murillo,* U.S.D.C. No. 94-CR-81261-DT (E.D. Mich. March 3, 2005). The Sixth Circuit denied Petitioner permission to file a successive

motion to vacate sentence. *In Re Murillo,* U.S.C.A. No. 05-1300 (6th Cir. December 5, 2005).

Later, Petitioner was again denied permission by the Sixth Circuit to file a successive motion to vacate sentence. *In Re Murillo,* U.S.C.A. No. 06-1151 (6th Cir. Sept. 20, 2006).

Petitioner filed yet another motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which was denied. *United States v. Murillo,* U.S.D.C. No. 94-CR-81261, 2008 WL 1901257 (E.D. Mich. April 25, 2008).

Petitioner then filed a motion to alter or amend judgment pursuant to Rule 59(e), which was denied. *United States v. Murillo,* U.S.D.C. No. 94-CR-81261, 2009 WL 2351771 (E.D. Mich. July 29, 2009), *app. dism.* U.S.C.A. No. 09-2009 (6th Cir. March 8, 2010).

In 2010, Petitioner filed with the Sixth Circuit another motion to authorize the district court to consider a successive motion to vacate sentence.  In this motion, Petitioner alleged that, on remand from the Sixth Circuit following the reversal of his firearm conviction, the court improperly enhanced his sentence on the drug offenses by four years and five months beyond the twenty-year statutory maximum.  The Sixth Circuit denied Petitioner permission to file a successive motion, on the ground that Petitioner's claim did not satisfy the standard for permission to file a successive § 2255 motion. *In Re Murillo,* U.S.C.A. No. 10-1286 (6th Cir. Nov. 16, 2010).

In 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1651, in which he claimed that he was "actually innocent" of the crime underlying his 20 year statutory maximum under 21 U.S.C. § 841(b)(1)(C).  The

petition was denied on the ground that Petitioner's claim involved a challenge to the imposition of his sentence which should have been brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The court further ruled that Petitioner could not use the All Writs Act, 28 U.S.C. § 1651, to challenge his sentence. *Murillo v. Walton,* U.S.D.C. No. 2:11-CV-12022, 2011 WL 1884158 (E.D. Mich. May 18, 2011) (Edmunds, J.).

Petitioner then filed another habeas corpus petition pursuant to 28 U.S.C. § 2241, in which he again claimed that he was improperly re-sentenced beyond the statutory maximum sentence for his drug offenses.  The petition was denied. *Murillo v. Walton*, U.S.D.C. No. 12-CV-12156, 2012 WL 3134245 (E.D. Mich. Aug. 1, 2012) (Edmunds, J.).

Petitioner has now filed a petition for writ of habeas corpus in which he raises the following claim:

> Petitioner is "objectively ineligible" under the law for the 295 month sentence imposed upon him that exceeds the statutory maximum of 20 years.

## II.  DISCUSSION

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994)*; Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *Perez v. Hemingway,* 157 F.Supp.2d 790, 796 (E.D. Mich. 2001); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has

petition was denied on the ground that Petitioner's claim involved a challenge to the imposition of his sentence which should have been brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The court further ruled that Petitioner could not use the All Writs Act, 28 U.S.C. § 1651, to challenge his sentence. *Murillo v. Walton,* U.S.D.C. No. 2:11-CV-12022, 2011 WL 1884158 (E.D. Mich. May 18, 2011) (Edmunds, J.).

Petitioner then filed another habeas corpus petition pursuant to 28 U.S.C. § 2241, in which he again claimed that he was improperly re-sentenced beyond the statutory maximum sentence for his drug offenses.  The petition was denied. *Murillo v. Walton*, U.S.D.C. No. 12-CV-12156, 2012 WL 3134245 (E.D. Mich. Aug. 1, 2012) (Edmunds, J.).

Petitioner has now filed a petition for writ of habeas corpus in which he raises the following claim:

> Petitioner is "objectively ineligible" under the law for the 295 month sentence imposed upon him that exceeds the statutory maximum of 20 years.

## II.  DISCUSSION

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994)*; Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *Perez v. Hemingway,* 157 F.Supp.2d 790, 796 (E.D. Mich. 2001); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has

made a careful examination of the petition." *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition that lacks merit on its face. *Id.* at 141.  No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*  District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See, e.g.*, *Perez,* 157 F.Supp.2d at 796.  Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging how his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  However, a motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal Constitution or federal law. *Id.*

A federal prisoner may bring a claim challenging his conviction or the imposition of a sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).  The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181

F.3d 713, 714 (6th Cir. 1999).  The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten,* 677 F 3d at 303, *Charles,* 180 F.3d at 756.  Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F.Supp.2d 731, 733 (E.D. Mich. 2000).  Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire. *Charles,* 180 F.3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles,* 180 F.3d at 757.

Petitioner claims that the sentence of 295 months exceeded the statutory maximum of twenty years for the two drug offenses. Petitioner's claim that the sentence imposed was in excess of the maximum permitted under the law involves a challenge to the imposition of the sentence, as opposed to its execution, and must therefore be brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and not in a habeas petition. *See Capaldi,* 135 F.3d at 1123; *See also Copeland v. Hemingway,* 36 Fed. App'x. 793, 794-95 (6th Cir. 2002).

In addition, it appears that Petitioner has already sought and been denied permission by the Sixth Circuit to file a successive motion to vacate sentence involving his claim that his sentence was in excess to that authorized by the law. The mere fact that Petitioner has been denied permission to file a successive motion to vacate sentence does not render that remedy inadequate, so as to permit Petitioner to challenge the length of his sentence in a habeas petition.

Moreover, Petitioner's sentencing claim does not fall within the actual innocence exception that would allow him to file a § 2241 petition, because the Sixth Circuit has numerous times held that a habeas petitioner's challenge to his sentence cannot serve as the basis for an actual innocence claim under § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir.2011), *cert. denied*, 132 S. Ct. 1909 (2012); *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003)*; Raymer v. Barron,* 82 Fed. App'x. 431, 432 (6th Cir. 2003); *Leon v. Hemingway,* 53 Fed. App'x. 353, 354 (6th Cir. 2002); *Henry v. Snyder,* 3 Fed.App'x. 339, 340 (6th Cir. 2001).

Finally, even if Petitioner's claim was cognizable in a habeas petition brought pursuant to 28 U.S.C. § 2241, Petitioner would not be entitled to habeas relief because

he has already been denied relief on this claim by Judge Edmunds in two prior habeas petitions. Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See, e.g.*, *Sandles v. Scott,* 26 F.Supp.2d 1355, 1356-1357 (N.D. Ga. 1998) (denying habeas petition when petitioner's claims had already been ruled upon adversely in his prior motion to vacate sentence). Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994). Petitioner's habeas application is barred by the doctrine of claim preclusion, because Petitioner's claim is virtually identical to the claim in his two prior habeas petitions before Judge Edmunds, in which he alleged that his sentence exceeded the statutory maximum for the offenses. *See Lanthron v. United States,* 3 Fed. App'x. 490, 491 (6th Cir. 2001); *See also Smith v. Reno,* 3 Fed. App'x. 403 (6th Cir. 2001). Accordingly, Petitioner is not entitled to habeas relief on his claim.

### III. CONCLUSION

IT IS ORDERED that Petitioner's August 21, 2012 "Petition for A Writ of Habeas Corpus" [Dkt. # 1] is DENIED. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this court or with

the Sixth Circuit before filing an appeal from the denial of his habeas petition.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\12-13705.MURILLO.DenyHabeas.ckbrevised.wpd